

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHRISTOPHER GREEN,

        Petitioner,

v.

WARDEN, USP - Lewisburg,

        Respondent.

CIVIL ACTION NO.: CV508-018

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Green ("Green"), an inmate currently incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at the United States Penitentiary-Lewisburg in Lewisburg, Pennsylvania. The Government filed a Response. Green filed a Reply while the petition was pending in the District Court for the Middle District of Pennsylvania. After this petition was transferred to this Court for disposition, the United States Attorney's Office for the Southern District of Georgia filed a Response to Green's petition, and Green filed a Reply.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Green was convicted in this Court, after a jury trial, of conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 846, and two (2) counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (a)(1). The Honorable William T. Moore, Jr., sentenced Green to life imprisonment on the conspiracy count and on one of the distribution counts and to 360 months' imprisonment on the second distribution count, to be served concurrently. Green filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (Doc. No. 15, pp. 1-2).

Green filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court. In that motion, Green raised a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and asserted he erroneously was sentenced under 28 U.S.C. § 841(b)(1)(A). Green also asserted his counsel provided ineffective assistance. (CV501-70, Doc. No. 1). Green did not show extraordinary circumstances to equitably toll the statute of limitations, and his § 2255 motion was dismissed because it was untimely filed. (CV501-70, Doc. Nos. 8, 14). Green filed an appeal, and the Eleventh Circuit denied him a certificate of appealability.

Green filed a second § 2255 motion based on the vacatur of two state convictions used during consideration of Green's sentence in his federal criminal prosecution. Green's motion was dismissed as being successive after he failed to file a response to the Government's motion to dismiss. (CV508-88, Doc. No. 5).

Green then filed a motion to reopen his sentencing hearing based on his contentions that his state convictions had been vacated. Judge Moore denied Green's

motion, as well as Green's motion to alter or amend judgment. (CR597-3, Doc. Nos. 1744, 1750, 1753, 1754). The Eleventh Circuit denied Green's applications for leave to file a second or successive § 2255 motion based upon Green's claims that his state convictions had been vacated.

Green filed a third section 2255 motion in this Court. Green once again sought to reopen his federal sentencing proceedings based on the vacatur of two prior state convictions. The Government moved to dismiss Green's motion as successive, and the Court granted that motion. (CV506-45, Doc. No. 5).

In the instant petition, which was filed in the Middle District of Pennsylvania, Green contends he should be re-sentenced because two state convictions which were used to enhance his federal sentence have been vacated. Respondent avers that Green's petition fails and should be dismissed. Respondent contends that Green has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Respondent also avers section 2241 does not provide a basis for relief to Green based on the Eleventh Circuit Court of Appeals' decision in Dean v. McFadden, 133 F. App'x 640 (11th Cir. 2005).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Green has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He presumably asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because section 2241 is a more appropriate avenue when the "event or events triggering the constitutional violation . . . take place after the imposition of the sentence." (Doc. No. 8, p. 6)(emphasis in original).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where

sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Green fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Green, in fact, has made these same allegations in previously filed motions. Simply because this Court and the Eleventh Circuit have declined to address the merits of Green's claims on several previous occasions does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). Green has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean, 133 F. App'x at 642 (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Accordingly, it is not

necessary to address his actual innocence claim. See Wofford, 177 F.3d at 1244 and n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

The undersigned would be remiss if he did not make note of a few points. First, rather than dismissing Green's petition, the Middle District of Pennsylvania inexplicably transferred the petition to this Court for disposition[1], despite the fact Green was in custody for section 2241 purposes within that district at the time he filed his petition. According to the Honorable Malcolm Muir's order, this Court should consider whether Green should be resentenced in light of Johnson v. United States, 544 U.S. 295 (2005). (Doc. No. 11, p. 14). Johnson does not provide Green with any avenue of recourse, as the Supreme Court held the statute of limitations period for purposes of section 2255 "begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. at 298. Green was sentenced in this Court on December 24, 1997, and his convictions and sentences were affirmed on appeal on August 17, 1999. The Eleventh Circuit issued a mandate on December 14, 1999. (Doc. No. 6, p. 3). The Supreme Court of Georgia issued its decision vacating Green's state convictions, which were used to enhance his federal sentence, on October 3, 2005. (Doc. No. 5-2, p. 5). The Georgia Supreme Court issued its decision nearly eight (8) years after Green was sentenced in this Court. The record before the Court, which is substantially the same as it was when this petition was

---

[1] Rather than engage in a game of judicial "tag" with the Middle District of Pennsylvania, the undersigned opted to address Green's petition.

pending in the Pennsylvania court, is bereft of any indication Green exercised due diligence in seeking the vacatur of his state convictions used in enhancing his federal sentence.[2]

Secondly, Poole v. Dotson, 469 F.Supp. 2d 329 (D. Md. 2007) ("Poole I"), does not lend support to Green's assertions. Not only is this decision only of persuasive value, the Fourth Circuit Court of Appeals reversed the district court's decision on Poole's habeas petition because he was not "in custody" in Maryland pursuant to § 2241(c)(3). United States v. Poole, 531 F.3d 263, 265 (4th Cir. 2008). Even if this Court were to conclude Poole I were of persuasive value (ignoring, of course, the fact the Fourth Circuit later reversed this decision), the facts underlying the Poole I decision would not warrant granting relief to Green. In Poole I, the petitioner was sentenced in federal court on September 7, 1997. One of his state court convictions, which was used by the federal court to enhance Poole's sentence, had been "revised" by a state court order dated April 21, 1997. Poole I, 469 F. Supp.2d at 331. Poole was not informed of this fact until October 2002, when he received a letter from a state court judge's law clerk. Id. The state court conviction used to enhance Poole's conviction, then, had been vacated at the time Poole was sentenced in federal court. In contrast, Green's state court convictions used to enhance his federal sentence were not vacated until well after he was sentenced in this Court.

Finally, In re Dorsainvil does not provide Green an avenue for relief, either. The Third Circuit Court of Appeals concluded the petitioner failed to satisfy either prong for

---

[2] The undersigned notes the Georgia Supreme Court entered its decision after Green filed an application for certificate of probable cause to appeal the denial of a state habeas corpus petition he filed. (Doc. No 5-2, p. 5). However, there is no indication when Green filed the petition for writ of habeas corpus in state court.

AO 72A
(Rev. 8/82)

7

relief under the newly amended section 2255[3] to allow him to file a successive § 2255 motion. In Re Dorsainvil, 119 F.3d at 248. The Third Circuit found the United States Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), did not announce a "new rule of constitutional law", but rather a substantive statutory holding[4] not subject to "the presumption against the retroactive application of new rules of constitutional law[.]" Id. The Third Circuit also found the petitioner could avail himself to relief pursuant to a § 2241 petition due to Dorsainvil's "unusual position" of being "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" Id. at 251. This is a far cry from Green's position, as he is not claiming he was convicted of a crime which has been negated by an intervening change in law.

Green cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Green is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[3] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

[4] In Bailey, the Supreme Court held that 18 U.S.C. § 924 "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 516 U.S. at 143 (emphasis in original).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Green's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE